UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KAYE HUGHES, et al.

      Plaintiffs,

v.                                                                            Case No. 02-C-1038

JOSEPH TERRY, et al.

      Defendants.

**ORDER**

Defendant Joseph Terry has filed a motion seeking attorney's fees incurred on appeal from this court's judgment dismissing the plaintiffs' civil rights suit against him. Attorney's fees can be awarded to a prevailing defendant in a civil rights suit pursuant to 42 U.S.C. § 1988 upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation, even though the action was not brought in subjective bad faith. *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 421 (1978). I made such a finding as to the claim against Terry when I dismissed this case on summary judgment. The court of appeals, in a brief order, affirmed that decision, concluding: "We agree with the district court's determination that there is no conceivable way that Terry could have ever been viewed as a state actor; the court did not abuse its discretion in awarding attorney's fees." (Docket #113, Order, at 2.) Terry now seeks additional fees incurred in defending the court's judgment on appeal.

It does not automatically follow that because my award of attorneys fees to Terry was affirmed on appeal that he is entitled to further fees incurred as a result of that appeal. *See Munson*

*v. Friske*, 754 F.2d 683, 698 n.10 (7th Cir. 1985) ("Although the district court's determination that the original action was frivolous or meritless may be probative of the efficacy of the appeal, such a determination is neither necessary nor sufficient to support an award of appellate attorney's fees.") The Seventh Circuit has held that "attorney's fees for appellate work may be awarded to a prevailing defendant only if the plaintiff's appeal is frivolous, unreasonable or without foundation ...." *Bugg v. International Union of Allied Indus. Workers*, 674 F.2d 595, 600 (7th Cir. 1982), *cert. denied*, 459 U.S. 805 (1982). Significantly, it was the court of appeals in both *Munson* and *Bugg*, not the district court, that determined whether the defendant-appellee was entitled to attorney's fees for the appeal. This makes sense. It is to the court of appeals, not the district court, that the plaintiff-appellant presents his brief and argument in support of his contention that the district court erred in ruling against him. Thus, it is the court of appeals that is in the best position to assess the merits of the plaintiff's arguments on appeal and determine whether those arguments are frivolous. The Federal Rules of Appellate Procedure expressly authorize the court of appeals to make such a determination in appeals in general, *see* Fed. R. App. P. 38, and it would seem reasonable that the same procedure should be followed here.

This is not to say, however, that a district court may not award appellate attorneys fees under § 1988. The law of this circuit is that a petition for appellate attorneys fees may be filed either in the district court or the court of appeals. *Ekanem v. Health and Hosp. Corp. of Marion County, Ind.*, 778 F.2d 1254, 1257 (7th Cir. 1985). Of course, when the court of appeals denies a litigant's request for appellate attorneys fees, the district court has no authority over the matter. *See Yaron v. Township of Northampton*, 963 F.2d 33 (3d Cir. 1992). But that did not occur here. So far as

2

it appears from the record, Terry made no request for attorneys fees to the court of appeals, and the issue was never addressed.

An argument could be made that *Ekamen* is limited to cases in which the fee request is made by a prevailing plaintiff and that when appellate fees are sought by a prevailing defendant, the request must be directed to the court of appeals. Such a rule would seem reasonable in light of the different standards that are used for deciding fee requests by plaintiffs and defendants under § 1988. When a plaintiff prevails in a civil rights action, attorneys fees are awarded under § 1988 almost as a matter of course and are not dependent upon a finding that the appeal was frivolous or without basis. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Thus, the only issue to be determined in such cases is the amount of the fee. Since this is an issue that requires findings of fact to resolve, it would seem more suited to district courts, although appellate courts are clearly capable of making this determination as well. *See Ustrak v. Fairman*, 851 F.2d 983, 990 (7th Cir. 1988). In any event, a request by a prevailing plaintiff for appellate attorneys fees does not pose the same problem for the district court that a similar request by a prevailing defendant poses. Because a prevailing defendant is entitled to appellate attorneys fees under § 1988 only upon a finding that the appeal was frivolous or groundless, the district court will be unable to determine whether a defendant's request for appellate fees should be granted without reviewing the briefs submitted and arguments made on appeal. Obviously, the court that already read the briefs, heard the argument, and decided the appeal is in a far better position to make this determination than the district court. A rule requiring that a prevailing defendant who seeks appellate attorneys fees under § 1988 make his request to the court of appeals would thus further important interests in judicial economy by presenting the issue to the court that determined the merits of the appeal at a time when it was fresh in its mind. Such a rule

3

would also avoid multiple appeals over "what to begin with is a collateral matter." *Ustrak*, 851 F.2d at 990.

Given the broad language of *Ekamen* that "a petition on entitlement to appellate attorneys fees may be filed in either the district court or the court of appeals," 778 F.2d at 1257, however, I conclude that Terry did not err in filing his request in this court instead of the court of appeals and that I do have authority to decide it. But having reached that conclusion, I am unable to find on the record before me that additional attorneys fees should be granted. I am unable to make such a finding because I have no idea what issues were raised on the appeal. The decision of the court of appeals was set forth in a brief, one-page order. Neither side has submitted the briefs filed on appeal in this matter and, as a result, I have no idea what arguments were made by the plaintiffs. Absent such information, there is simply no basis upon which I could make the findings required to support an award of attorneys fees on appeal. In my decision granting summary judgment in favor of the defendants, I found only the claim against Terry groundless and awarded fees only to him. Fees were not awarded to either of the defendants that were state actors. It may be that plaintiffs did not even seek review of the dismissal of their claim against Terry on appeal, but challenged only the finding that it was frivolous or the amount of the fee award. If so, it could hardly be argued that their appeal was frivolous. An award of attorney's fees to a prevailing defendant in a § 1983 action is sufficiently rare that an appeal from such an award will seldom be found to be frivolous. And even if plaintiffs did argue the merits of their claim against Terry, this would have been relevant to the issue of whether the claim was so far afield that a fee award was warranted. In any event, because I am unable to find that plaintiffs' appeal was "frivolous, unreasonable or without foundation," *Bugg*, 674 F.2d at 600, the motion for attorneys fees must be denied.

4

**THEREFORE, IT IS ORDERED** that defendant's Motion for Attorney Fees on Appeal (Docket #109) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for an Extension of the July 26, 2005 response brief due date (Docket #102), filed August 3, 2005, is denied as moot.

Dated this 15th day of August, 2005.

/s William C. Griesbach
William C. Griesbach
United States District Judge